ELIZABETH SASH, DOOR AND SUPPLY COMPANY, a New Jersey corporation, complainant-respondent,

*v.*

LUCY BEISLEY et al., defendants-appellants.

[Argued October term, 1928. Decided May 20th, 1929.]

*Mr. Walter A. Beers,* for the appellants.

*Mr. Aaron Marder,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The bill of complaint in this case was to foreclose a mortgage for $4,400 given by George Beisley and his wife, Lucy, to secure the payment of an indebtedness of George Beisley, their son. No answer being filed, a decree *pro confesso* was entered against both defendants by consent and reference made to a master to report the amount due on the mortgage.

At the hearing before the master Mrs. Beisley attempted to show that she signed the papers on the representation of complainant's representative that the mortgage was security for an existing indebtedness of the son for $2,200 only. Testimony on behalf of the complainant tends to show that the mortgage was given to secure not only the indebtedness of the son then treated as existing, but in addition a future indebtedness then in contemplation by the parties.

The master found in favor of the complainant, and after allowing certain credits in reduction of the note, reported a balance due of $3,210. The report was confirmed by the court. From the order of confirmation the present appeal is taken.

George Beisley, the son, was in the building and contracting business, in which business considerable quantities of lumber were required. Much of this lumber was purchased from the complainant, and in November of 1925 an indebtedness of over $4,000 had accrued. At this juncture additional credit was asked by Beisley and complainant exacted security. Mrs. Beisley was appealed to by the son with the result that the mortgage in question was executed. At the time of its execution the parties were expecting a payment on the note of $2,000 from a job known as the "Ivy Street job," appellants

contending that this should be taken into consideration as reducing the indebtedness and that her mortgage should stand for the balance; respondent, that it had already been taken into consideration as if paid, and that the mortgage stood as security for the balance and future credit to the extent of $2,000 in lumber which appellant was then about to purchase.

Our examination of the proofs convinces us that the master and vice-chancellor were justified in finding on this question of fact in favor of the complainant and the decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—BLACK, J. 1.